## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**DEANDRE HOPSON**                                                                                        **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 3:12CV-769-M**

**AGUAIR LAW OFFICE** *et al.*                                                  **DEFENDANTS**

## MEMORANDUM OPINION

Seeking damages, Plaintiff DeAnDre Hopson filed a *pro se* complaint against well over twenty Defendants, many, if not all, of whom he has sued in other actions filed in this Court.[1] Because he is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the action will be dismissed.

As grounds for filing this action in federal court, Plaintiff alleges obstruction of justice and a violation of the Matthew Shepard and James Byrd, Jr., Hate Crimes Prevention Act ("Hate Crimes Act"), 18 U.S.C. § 249.

Obstruction of justice is a federal crime. The federal obstruction of justice statutes, 18 U.S.C. §§ 1501 *et seq.*, do not provide for a private cause of action or civil remedies. *See, e.g.*, *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) ("Hamilton possesses no private right of action against the defendants for alleged violations of 18 U.S.C. §§ 1505, 1506, and 1509.");

---

[1]*See, e.g.*, *Hopson v. Huffman et al.*, 3:12CV-262-S; *Hopson v. Kentucky Bar Association et al.*, 3:12CV-505-S; *Hopson v. Shakes et al.*, 3:12CV-722-M; *Hopson v. Secret Service et al.*, 3:12CV-770-H; *Hopson v. Spencer et al.*, 3:12CV-744-M.

*Marshall v. Green*, No. 3:10CV–224–H, 2010 WL 1959514, at *3 (W.D. Ky. May 17, 2010) ("Obstruction of justice is a criminal charge that does not provide a private cause of action."). Plaintiff's obstruction of justice claims will be dismissed.

As to Plaintiff's claims under the Hate Crimes Act, courts have held that the Act, 18 U.S.C. § 279, creates no private right of action. *See Turner v. Tierney*, No. C 12–6231 MMC, 2013 WL 1003634, at *4 (N.D. Cal. Mar. 13, 2013) (citing *Loos v. Oregon Dep't of Corr.*, No. 3:11-cv-00208-BR, 2012 WL 385385, at *6 (D. Or. Feb. 6, 2012); *Chicago Title & Land Trust Co. v. Rabin*, No. 11-cv-425, 2012 WL 266387, at *4 (N.D. Ill. Jan. 30, 2012); *Godfrey v. Ross*, No. CIV. 2:11–2308 WBS EFB, 2011 WL 6012607, at *5 (E.D. Cal. Dec. 1, 2011); *Benitez v. Rumage*, No. C–11–208, 2011 WL 3236199, at *1 (S.D. Tex. July 27, 2011); *Wolfe v. Beard*, No. 10-2566, 2011 WL 601632, at *3 (E.D. Pa. Feb. 15, 2011); *Lorenz v. Managing Director, St. Luke's Hosp.*, No. 09 Civ. 8898(DAB)(JCF), 2010 WL 4922267, at *8 (S.D.N.Y. Nov. 5, 2010), report and recommendation adopted, 2010 WL 4922541 (S.D.N.Y. Dec. 2, 2010)). "The Hate Crimes Act does not confer rights on a specific class of persons, but rather criminalizes certain offenses based on, among other traits, a person's national origin, gender, or sexual orientation." *Wolfe v. Beard*, 2011 WL 601632, at *3 (citing 18 U.S.C. § 249(a)). "Moreover, the statute specifically provides for criminal enforcement, and authorizes penalties including imprisonment." *Id.* "Because neither personal rights nor private remedies exist in the statutory text, the Court concludes that Congress did not intend to create a private right of action." *Chicago Title & Land Trust Co. v. Rabin*, 2012 WL 266387, at *4.

The Court finds the cases which have addressed the issue persuasive and also concludes that the Hate Crimes Act does not provide for a private cause of action. Plaintiff's claims under that Act will be dismissed.

Finally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Plaintiff's complaint meets this standard and will be dismissed on this basis as well.

For the reasons set forth more fully above, the Court will dismiss the complaint by separate Order.

Date:

cc: Plaintiff, *pro se*
4414.005